Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Jennifer S. Palmer, ISB No. 11136
*jenny.palmer@stoel.com*
J.B. Evans, ISB No. 10537
*jb.evans@stoel.com*
STOEL RIVES LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040


Daniel Marshall (*Pro Hac Vice to be filed*),
*dmarshall@humanrightsdefensecenter.org*
Jesse W. Isom (*Pro Hac Vice to be filed*),
*jwisom@humanrightsdefensecenter.org*
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, FL  33460
Telephone:  (561) 360-2523
Facsimile:  (561) 828-8166


Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, | Case No. |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| CANYON COUNTY, IDAHO; KIERAN DONAHUE, Sheriff, individually and in his official capacity; and JOHN AND JANE DOES 1-10, Staff, individually and in their official capacities, | |
| Defendants. | |

## I.      INTRODUCTION

1.      For decades, the United States Supreme Court has recognized that the freedom to read and correspond with the outside world while incarcerated carries important benefits to both prisoners and society as a whole.  To this end, Plaintiff Human Rights Defense Center ("HRDC" or "Plaintiff") provides incarcerated persons across the United States with publications regarding their legal and civil rights, as well as options for accessing education while incarcerated.

2.      Defendants' mail policies and practices unconstitutionally prohibit delivery of Plaintiff's books, magazines, and mail to prisoners housed in the Canyon County Jail (the "Jail"), in violation of the First Amendment to the United States Constitution.  Defendants' policies and practices also deny due process of law to senders whose mail is censored, such as Plaintiff's mail, by failing to provide notice of and an opportunity to challenge each instance of censorship as required by the Fourteenth Amendment to the United States Constitution.  HRDC brings this action to enjoin Defendants' censorship of its publications and mail sent to prisoners held in the Jail, and to require Defendants to provide due process when they reject items sent to prisoners at that facility.  It also seeks damages.

## II.      JURISDICTION AND VENUE

3.      This action is brought pursuant to 28 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

4.      Venue is proper under 28 U.S.C. § 1391(b).  At least one Defendant resides within this judicial district and the events giving rise to the claims asserted herein all occurred within this judicial district.

5.      HRDC's claims for relief are brought pursuant to 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured by the First and Fourteenth Amendments to the U.S. Constitution and laws of the United States.

6.      This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and the Court also has jurisdiction to award damages against all Defendants.

7.      HRDC's claim for attorneys' fees and costs for its federal claims is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

## III.    PARTIES

8.      HRDC is a not-for-profit charitable organization recognized under § 501(c)(3) of the Internal Revenue Code, incorporated in the state of Washington and with principal offices in Lake Worth, Florida.  The purpose of HRDC is to educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prisons to society. HRDC accomplishes its mission through advocacy, litigation, and the publication and/or distribution of books, magazines, and other information concerning prisons and prisoner rights.

9.      Defendant Canyon County, Idaho (the "County") is a political subdivision of the State of Idaho organized and existing under the laws of Idaho.  The County is, and at all relevant times was, responsible for the actions and/or inactions and the policies, procedures, customs, and practices of the Canyon County Sheriff's Department and its employees and agents.

10.     Defendant Kieran Donahue is the Sheriff of Canyon County, and has held that position since he was first elected in 2012.  Defendant Donahue is employed by and is an agent of

the County.  He is responsible for overseeing the management and operations of the Jail, and for

hiring, screening, training, supervision, discipline, counseling, and control of the personnel at the

Jail who interpret and apply the Jail's inmate mail policy.  As Sheriff, Defendant Donahue is a

final policymaker for the County with respect to the operation of the Jail, including for policies

governing incoming mail for inmates.  He is sued in his individual and official capacities.

11.     The true names and identities of Defendants DOES 1 through 10 are presently

unknown to HRDC.  Each of Defendants DOES 1 through 10 are or were employed by and are or

were agents of the County and were personally involved in the adoption and/or implementation of

the publications and mail policies at the Jail, including the rejection of mail sent by HRDC to

persons incarcerated at the Jail.  HRDC will seek to amend this Complaint after the true names

and identities of Defendants DOES 1 through 10 have been ascertained.

12.     At all times material to this action, the actions of all Defendants as alleged herein

were taken under the authority and color of state law.

13.     At all times material to this action, all Defendants were acting within the course

and scope of their employment as agents and/or employees of Defendant County.

## IV.     FACTUAL ALLEGATIONS

**A.     HRDC's Mission and Outreach to Detention Facilities**

14.     For more than 30 years, the focus of HRDC's mission has been public education,

advocacy, and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal

redress for infringements of their constitutionally guaranteed and other basic human rights.

HRDC's mission, if realized, has a salutary effect on public safety.

15.     To accomplish its mission, HRDC publishes and distributes books, magazines, and

other materials containing news and analysis about prisons, jails and other detention facilities,

prisoners' rights, court rulings, management of prison facilities, prison conditions, and other matters pertaining to the rights and/or interests of incarcerated individuals.

16.    HRDC engages in core protected speech and expressive conduct on matters of public concern, such as the operation of prison facilities, prison conditions, prisoner health and safety, and prisoners' rights.   HRDC's publications contain political speech and social commentary, which are core First Amendment rights and are entitled to the highest protection afforded by the United States Constitution.

17.    HRDC has thousands of customers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the general public.  Since its creation in 1990, HRDC has sent its publications to prisoners and law librarians in more than 3,000 correctional facilities located across all 50 states, including the Federal Bureau of Prisons and various facilities within the State of Idaho.

18.    HRDC publishes and distributes a 72-page monthly magazine titled Prison Legal News: Dedicated to Protecting Human Rights, which contains news and analysis about prisons, jails, and other detention facilities, prisoners' rights, court opinions, management of prison facilities, prison conditions, and other matters pertaining to the rights and/or interests of incarcerated individuals.  In 2013, Prison Legal News received the First Amendment Award from the Society of Professional Journalists.

19.    More recently, HRDC also began publishing a second monthly magazine, Criminal Legal News.  This magazine focuses on review and analysis of individual rights, court rulings, and news concerning criminal justice-related issues.

20.    Additionally, HRDC publishes and/or distributes dozens of different softcover books about the criminal justice system, legal reference books, and self-help books of interest to

prisoners.  These books are designed to foster a better understanding of criminal justice policies and to allow prisoners to educate themselves about related issues, such as legal research, how to write a business letter, health care issues, and similar topics.

21.     In addition to monthly magazines and books, HRDC also sends informational brochure packets to prisoners.  The packets contain a brochure and subscription order form, a book list, and a published books brochure (each of which is a single page).

**B.     Defendants' Unconstitutional Publications and Mail Policies and Practices**

22.     Defendants' online policy pertinent to the matter purports to allow prisoners to receive magazines.   This policy is posted on the Canyon County, Idaho website at https://www.canyonco.org/elected-officials/sheriff/detention-center/  (last accessed Dec. 15, 2021).

23.     Despite their mail policy, Defendants have a custom and practice of rejecting magazines and informational brochures sent by HRDC to prisoners at the Jail.  Accordingly, Defendants' publications and mail policies and practices violate HRDC's rights under the Free Speech Clause of the First Amendment.

24.     Furthermore, Defendants engage in a policy or practice that fails to provide senders of censored mail notice and an opportunity to appeal the censorship of the mail to the intended prisoner.  Accordingly, such policy violates HRDC's Fourteenth Amendment rights to due process.

25.     Since November 2020 HRDC has sent letters, books, and magazines to prisoners held at the Jail.  Each of these items was individually addressed and separately mailed.

26.     Defendants have censored the following materials sent by Plaintiff to prisoners held in  the  Jail:  (1)  issues  of  Prison  Legal  News;  (2)  issues  of  Criminal  Legal  News;  and

(3) informational brochure packets.  Defendants refused to deliver said items to the intended prisoner-recipients.  Defendants continue to censor many of the items listed above.

27.     Altogether, since November 2020, Plaintiff can identify at least 21 items of mail sent by HRDC to prisoners held in the Jail, which Defendants censored.  This includes nine issues of Prison Legal News, nine issues of Criminal Legal News, and three informational packets.  These items were returned to HRDC, many with notations on the envelope such as "Refused," "Staples Not Allowed," "Staples + Advertisements Not Allowed," and "Soliciting Not Allowed."

28.     For every item listed in paragraph 27 HRDC staff confirmed, following return of the mailed items, that the intended prisoner-recipient was still in custody at the Jail at the time HRDC received the returned item.

29.     On information and belief, other publications mailed by HRDC to persons incarcerated at the Jail were also censored by Defendants, although not returned to HRDC.

30.     Further, other than the notations appearing on the envelopes of mailed items that were returned to HRDC, Defendants failed to provide HRDC any explanation of the reason for censoring the mail sent to inmates and failed to provide HRDC notice or opportunity to appeal these censorship decisions.

31.     Due to Defendants' actions as described above, HRDC has suffered damages, and will continue to suffer damages, including, but not limited to: the suppression of HRDC's speech; the impediment of HRDC's ability to disseminate its political message; frustration of HRDC's non-profit organizational mission; the loss of potential subscribers and customers; and the inability to recruit new subscribers and supporters.

32.     Defendants are responsible for and/or personally participated in creating, adopting, implementing, and ratifying these unconstitutional policies, practices, and customs.  Further,

Defendants are responsible for training and supervising the staff persons whose rejection of mail sent by HRDC pursuant to the Jail's unconstitutional policies, practices, and customs has injured and continues to injure HRDC.

33.     Defendants' actions and inactions were and are motivated by ill motive and intent, and were and are all committed under color of law with deliberate indifference to HRDC's rights.

34.     Plaintiff will continue to mail copies of its magazines and informational brochures to subscribers, customers, and other individuals imprisoned at the Jail.

35.     Defendants' unconstitutional policy, practices, and customs are ongoing, continue to violate HRDC's rights, and were and are the moving force behind the injuries HRDC suffered as a direct result of the constitutional violations.  As such, HRDC has no adequate remedy at law.

36.     Without relief from this Court HRDC will suffer irreparable injury, since its fundamental free speech and due process rights are being denied.  The balance of hardships favors Plaintiff, and the public interest will be served by granting injunctive and declaratory relief.

37.     The accommodation of the free speech and due process rights of HRDC with respect to written speech protected by the U.S. Constitution will not have any significant impact on the Jail, its staff or prisoners.

38.     HRDC is entitled to declaratory relief as well as injunctive relief prohibiting Defendants from refusing to deliver publications and correspondence from HRDC and other senders without any legal justification, and prohibiting Defendants from censoring mail without due process of law.

## V.      CLAIMS

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
*Violation of the First Amendment (Free Speech)*

39.      HRDC re-alleges and incorporates the allegations of paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.      The acts described above constitute violations of HRDC's right to communicate with incarcerated individuals under the Free Speech Clause of the First Amendment.

41.      The conduct of Defendants was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

42.      HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

43.      Defendants' acts described above have caused damages to HRDC, and if not enjoined, will continue to cause damage to HRDC.

44.      HRDC seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants.  HRDC seeks punitive damages against the individual Defendants in their individual capacities.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983
*Violation of the Fourteenth Amendment (Due Process)*

45.      HRDC re-alleges and incorporates the allegations of paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     Because HRDC has a liberty interest in communicating with prisoners, HRDC has a right under the Due Process Clause of the Fourteenth Amendment to receive notice of and an opportunity to appeal Defendants' decisions to censor their written speech.

47.     Defendants' policy and practice fail to provide HRDC and other senders with adequate notice and an opportunity to be heard.

48.     The conduct of Defendants was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

49.     HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which are and were the moving force of the violations.

50.     Defendants' acts described above have caused damages to HRDC, and if not enjoined, will continue to cause damage to HRDC.

51.     HRDC seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants.  HRDC seeks punitive damages against the individual Defendants in their individual capacities.

## VI.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

52.     A declaration that Defendants' policies and practices violate the Constitution.

53.     A preliminary and permanent injunction preventing Defendants from continuing to violate the Constitution, and providing other equitable relief.

54.     Nominal damages for each violation of HRDC's rights by Defendants.

55.     Compensatory damages in an amount to be proved at trial.

56.     Punitive damages against the individual Defendants in an amount to be proved at trial.

57.     Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law.

58.     Any other such relief that this Court deems just and equitable.

## VII.   JURY DEMAND

Plaintiff, Human Rights Defense Center, by and through its attorneys, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.


DATED:  December 20, 2021.

STOEL RIVES LLP


  /s/ Elijah M. Watkins
Elijah M. Watkins
Jennifer S. Palmer
J.B. Evans

And

HUMAN RIGHTS DEFENSE CENTER

Daniel Marshall (*Pro Hac Vice to be filed*)
Jesse W. Isom (*Pro Hac Vice to be filed*)
Attorneys for Plaintiff